Dear Mr. Ellzey:
You requested an Attorney General's opinion regarding the property tax exemption contained in La. R.S. 56:24. You indicate that Forest Capitol, Inc., a property owner in Sabine Parish, has leased acreage to the State of Louisiana to be used as a Wildlife Management Area. Forest Capitol has requested an exemption from property taxes on the said acreage based on La. R.S. 56:24, which provides:
 The commission may contract with any private landowner for the use of his lands for a term of not less than twenty-five years for the purpose of establishing wildlife management areas, and may agree, where such use is granted without compensation or payment therefor, that the lands shall be relieved of all state, parish, and district taxes, except in cases where a tax has been contracted to be levied thereon for the retirement of a bond issue or for other outstanding debts or obligations, so long as the lands are used for the purpose stated. Any existing agreement to the foregoing effect is validated.[1]
You have advised that there are millages levied on the acreage at issue, which are dedicated to the payment of debt service. You question whether the property qualifies for the exemption provided for under R.S.56:24.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, subject to the review of the Louisiana Tax Commission and, ultimately, the courts. Attorney General's Opinions Nos. 01-144, 00-54, 96-438 and 94-603. While the Attorney General does not have the authority to determine whether particular taxpayers and property are subject to tax exemption, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this State has consistently held that, constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haynie Corp. v. Larpenter,583 So.2d 867 (La.App. 1 Cir. 1991) writ denied. Further, inMattingly v. Vial, 193 La. 1, 190 So. 313 (1931), our Supreme Court held:
 There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal.
That being said, in interpreting the statute, we are mindful that "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." La. R.S. 1:3. We must also give an interpretation that will give effect and purpose to the statute. State v. Union Tank Car Company,439 So.2d 377, 382 (La. 1983).
R.S. 56:24 establishes a tax exemption for a piece of property when the State is allowed to use such property, for a term of not less than twenty-five years, for the purpose of establishing wildlife management areas, provided such use is granted without compensation or payment. The exemption applies to all state, parish, and district taxes "except in cases where a tax has been contracted to be levied thereon for the retirement of a bond issue or for other outstanding debts or obligations." The exemption is applicable to all taxes except those which are specifically excluded. Based on the plain meaning of the statute, the exemption does not apply to those taxes which are levied for the retirement of a bond issue or for other outstanding debts or obligations. The exemption would still apply to all other taxes affecting the property. The fact that there is one particular tax levied on a piece of property, which is specifically levied to pay bonded indebtedness, does not mean that property loses its exemption as to all other taxes. To interpret the statute otherwise would essentially read the statute out of existence.
In our opinion, the property in question (assuming Forest Capitol is leasing the property to the State without compensation or payment therefore) would be exempt from all state, parish, and district taxes, except for those particular taxes affecting that property which are dedicated to the retirement of a bond issue or for other outstanding debts or obligations.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_____________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] The lease of private property to Department of Wildlife and Fisheries for the public purpose of establishing a wildlife management area falls within the exemption from taxation contained in La. Const. Art. VII, Sec. 21. See Holley v. Plum Creek Timber Co., 38,716 (La.App. 2 Cir. 6/23/04) 877 So.2d 284.